UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KLEVER FERNANDEZ,

                Plaintiff,

      - against -

CMB CONTRACTING t/a MID ISLAND
CONTRACTING, ROBERT CAMPAGNA, and
NICK DE MONTE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM & ORDER**
05 Civ. 3338 (DRH) (JO)

**APPEARANCES :**

**GINARTE, O'DWYER & WINOGRAD, LLP**
Attorneys for Plaintiff
305 Broadway, Suite 800
New York, NY 10007
By: Richard M. Winograd, Esq.

**SILVERMAN BERLSTEIN & ACAMPORA LLP**
Attorneys for Defendant Campagna
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
By: Robert J. Ansell, Esq.

**HURLEY, Senior District Judge:**

      Plaintiff Klever Fernandez ("Plaintiff") brought the present suit against Defendants CMB Contracting t/a Mid Island Contracting ("CMB"); Robert Campagna ("Campagna"); and Nick de Monte ("de Monte"), alleging violations of "Section 200 of the Labor Law of the State of New York" (Compl. ¶ 14); "Section 240 of the Labor Law of the State of New York" (*Id.* ¶ 15); and "Section 241 of the Labor Law of the State of New York, and more particularly, Subsection (a) thereof" (*Id.* ¶ 16), resulting from an injury he suffered while at work. Defendant Campagna

moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff opposes the motion. For the reasons set forth herein, the Court DENIES Defendant Campagna's motion.

*BACKGROUND*

The following summary of facts is drawn from the Complaint. The alleged facts are sparse. Plaintiff is a resident of Newark, New Jersey. Defendant CMB is a domestic corporation organized and existing under the laws of the State of New York. Defendant de Monte is the owner of the premises located at 26-40 Natta Boulevard in Hempsteasd, New York (hereinafter "the premises"). Defendant Campagna is allegedly a "contractor involved with the construction project at the premises." (Compl. ¶ 6.)

It is alleged that CMB managed and controlled the construction project and the premises. At some time prior to Plaintiff's injury, it is alleged that the three named Defendants "contracted with Blue Thunder Construction Corporation [hereinafter "Blue Thunder"] to erect, demolish, renovate, repair, alter, paint, clean, excavate, construct, and/or maintain the aforementioned construction project and/or premises." (*Id.* ¶ 9.) Plaintiff was an employee of Blue Thunder. On November 3, 2004, Plaintiff was working at the construction project and, in the performance of his employment duties, fell and suffered "severe and permanent personal injuries." (*Id.* ¶ 12.)

Plaintiff brought the present suit on June 30, 2005, alleging that his personal injuries were "occasioned by the wanton, reckless, malicious and negligent acts of the defendants." (*Id.* ¶ 13.). Plaintiff further alleged that Defendants failed to warn him about the dangerous conditions and failed to provide proper safety equipment. (*Id.*) On December 23, 2005, Defendant Campagna

moved to dismiss the Complaint as it pertained to himself. Plaintiff opposed the motion, and Campagna submitted a reply.

## DISCUSSION

Campagna moves to dismiss the Complaint pursuant to Rule 12(b)(6) on the grounds that "plaintiff has failed to properly allege any facts sufficient to state a claim for relief against defendant Campagna for violations under New York's Labor law or for negligence." (Def. Campagna's Mem. at 3.) Plaintiff opposes the motion, asserting that the pleadings are adequate and Campagna's arguments inappropriately rely upon evidence that should not be considered on a motion to dismiss.

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in his favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts entitling him to relief in support of his claim. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003).

To satisfy the notice pleading requirements, a complaint need include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Such a statement must "'give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting

*Conley v. Gibson,* 355 U.S. at 47), but it need not plead evidence, *see Swierkiewicz*, 534 U.S. at 510-11.

Plaintiff alleges that Defendant Campagna is a "contractor" (Compl. ¶ 6) who violated §§ 200, 240, and 241 of New York's Labor Law.  Defendant Campagna disputes this allegation, however, implicitly arguing that he is an architect (*see, generally*, Def. Campagna's Mem.), and that, as an architect, he is not liable.

New York Labor Law § 200 states:

> 1. All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons. The board may make rules to carry into effect the provisions of this section

N.Y. Labor Law § 200.  According to this language, those who exercise no control over the premises are not liable.  *See Pacheco v. South Bronx Mental Health Council, Inc.*, 579 N.Y.S.2d 49 (1st Dep't 1992).  Section 240(1) states, "No liability . . . shall be imposed on . . . architects . . . who do not direct or control the work for activities other than planning and design." N.Y. Labor Law § 240.  In nearly identical language, Section 241(9) states, "No liability for the non-compliance with any of the provisions of this section shall be imposed on . . . architects . . . who do not direct or control the work for activities other than planning and design.  N.Y. Labor Law § 241.

Defendant moves to dismiss this claim on the ground that these statutes all explicitly exclude architects "who do not direct or control the work for activities other than planning and design" from liabilty.  (Def. Campagna's Mem. at 5.)  The case law is undoubtedly on Defendant

Campagna's side, as illustrated in Campagna's citation to *Davis v. Lenox School*, 541 N.Y.S.2d 814 (1st Dep't 1989), which held that an architect was not liable under New York Labor Law if he did not exercise any control over the premises. Surveying the architect's contract with the construction company, the First Appellate Division reasoned that the architect's contract clearly limited "his responsibilities to supervision of the construction, and compliance with the plans and specifications. He was not to have any control or responsibility 'for construction means, methods . . . or for safety precautions and programs in connection with the work, for acts or omissions of the contractor, subcontractor or any other persons performing any of the work . . . ." *Id.* at 815.

Crucially, however, Campagna misstates the procedural posture of *Lenox School*. *Lenox School* did not involve a "motion to dismiss the complaint," as Campagna suggests, but rather "summary judgment dismissing the complaint." That is to say, it was not on the pleadings.

Here, Campagna is moving to dismiss the complaint for failure to state a claim on the grounds that he is in fact an architect who exercised no control over the construction site. Defendant Campagna has submitted an affidavit on his own behalf attesting to the fact that he is a professional architect and that he worked "solely in [his] capacity as architect, to design and prepare certain architectural drawings . . . ." (Aff. of Robert Campagna, dated Dec. 22, 2005, ¶¶ 3, 4.) Be that as it may, the affidavit is outside of the pleadings, and inappropriate for this Court's consideration at this juncture. Looking at the Complaint, it states that Campagna is a "contractor." (Compl. ¶ 6.) It does not refer to him as an architect. Defendant Campagna disagreement with that factual allegation is irrelevant on a motion to dismiss: the Court must take all of the factual allegations in the Complaint as true. *Sheppard*, 18 F.3d at 150.

As for Campagna's argument to dismiss the negligence claim, he contends that a party "must allege that 'the defendant exercised actual supervision or control over the work in the course of which the plaintiff was injured.'" (Def. Campagna's Mem. at 6 (citing *Gonzalez v. United Parcel Service*, 671 N.Y.S.2d 753, 755 (1st Dep't 1998)).) As it stands, Plaintiff alleged that he was injured, as a result of the Defendants negligence, in the course of his employment when he fell at the construction site on November 3, 2004. Such a statement "'give[s] the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson,* 355 U.S. at 47). Though Plaintiff has not plead evidence, he "need not plead evidence." S*ee Swierkiewicz*, 534 U.S. at 510-11. Accordingly, Defendant Campagna's motion to dismiss the Complaint is denied.

*CONCLUSION*

In sum, Plaintiff has adequately pled a federal cause of action. As such, Defendant Campagna's motion to dismiss the Complaint is DENIED.

**SO ORDERED.**

Dated: Central Islip, N.Y.  
       September 19, 2006

/s/  
Denis R. Hurley  
United States Senior District Judge