UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KLEVER FERNANDEZ,

                  Plaintiff,

      - against -

CMB CONTRACTING t/a MID ISLAND
CONTRACTING, ROBERT CAMPAGNA, and
NICK DE MONTE,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM & ORDER**
05 Civ. 3338 (DRH) (JO)

**APPEARANCES :**

**GINARTE, O'DWYER & WINOGRAD, LLP**
Attorneys for Plaintiff
305 Broadway, Suite 800
New York, NY 10007
By: Richard M. Winograd, Esq.

**SILVERMAN BERLSTEIN & ACAMPORA LLP**
Attorneys for Defendant Campagna
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
By: Robert J. Ansell, Esq.

**HURLEY, Senior District Judge:**

      Plaintiff Klever Fernandez ("Plaintiff") brought the present suit against Defendants CMB Contracting t/a Mid Island Contracting ("CMB"); Robert Campagna ("Campagna"), and Nick de Monte ("de Monte"), alleging violations of "Section 200 of the Labor Law of the State of New York" (Compl. ¶ 14); "Section 240 of the Labor Law of the State of New York" (*Id.* ¶ 15); and "Section 241 of the Labor Law of the State of New York, and more particularly, Subsection (a)

-1-

thereof" (*Id.* ¶ 16), resulting from an injury he suffered while at work. Plaintiff seeks leave to amend the Complaint to include a claim by his wife for loss of services, society and consortium. Defendant Campagna opposes the motion. For the reasons set forth herein, the Court GRANTS Plaintiff's motion.

## *BACKGROUND*

The following summary of facts is drawn from the Complaint. Plaintiff is a resident of Newark, New Jersey. Defendant CMB is a domestic corporation organized and existing under the laws of the State of New York. Defendant de Monte is the owner of the premises located at 26-40 Natta Boulevard in Hempstead, New York (hereinafter "the premises"). Defendant Campagna is allegedly a "contractor involved with the construction project at the premises." (Compl. ¶ 6.)

It is alleged that CMB managed and controlled the construction project and the premises. At some time prior to Plaintiff's injury, it is alleged that the three named Defendants "contracted with Blue Thunder Construction Corporation [hereinafter "Blue Thunder"] to erect, demolish, renovate, repair, alter, paint, clean, excavate, construct, and/or maintain the aforementioned construction project and/or premises." (*Id.* ¶ 9.) Plaintiff was an employee of Blue Thunder. On November 3, 2004, Plaintiff was working at the construction project and, in the performance of his employment duties, fell and suffered "severe and permanent personal injuries." (*Id.* ¶ 12.)

Plaintiff brought the present suit on June 30, 2005, alleging that his personal injuries were "occasioned by the wanton, reckless, malicious and negligent acts of the defendants." (*Id.* ¶ 13.). Plaintiff further alleged that Defendants failed to warn him about the dangerous conditions and failed to provide proper safety equipment. (*Id.*) On December 23, 2005, Defendant Campagna

moved to dismiss the Complaint as it pertained to himself. Plaintiff opposed the motion, and Campagna submitted a reply. By Memorandum & Order dated, September 19, 2006, Defendant Campagna's motion to dismiss was denied. While Campagna's motion to dismiss was pending before this Court, Plaintiff made the instant motion to amend.

*DISCUSSION*

Under the Federal Rules of Civil Procedure, leave to amend is to be freely given. *See F.R.C.P. 15*. It is not, however, automatic. Leave to amend is within the sound discretion of the court and may be denied if, for example, the amendment would be futile, would result in undue delay or would unduly prejudice the defendant. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Feinman v. Dean Witter Reynolds, Inc.,* 84 F.3d 539, 542 (2d Cir. 1996).

As stated above, only Defendant Campagna opposes the amendment and he does so on the grounds of futility. On the assumption that his Rule 12(B)(6) motion would be granted, Campagna argues that a claim for consortium is a derivative claim and because Plaintiff has not stated a claim as against him, any derivative claim against him must also fail.

A claim for loss of consortium, "is a derivative claim and can only be sustained if the defendant is found to have been negligent on the primary claim [of the injured spouse]." *Jones v. United States*. 720 F. Supp 355, 369 (S.D.N.Y. 1989)(citing *Maddox v. City of New York,* 108 A.D.2d 42, 487 N.Y.S.2d 354 (2d Dept.), *aff'd,* 66 N.Y.2d 270, 496 N.Y.S.2d 726 (1985)). Accordingly a loss of consortium claim will fail if the primary claim for negligence fails. *Jones,* 720 F. Supp. at 369.

Here, however, as set forth in this Court's Memorandum & Order, dated September 19, 2006, Plaintiff has stated a claim against Campagna sufficient to withstand a motion to dismiss

pursuant to Rule 12(b)(6). Thus, a derivative claim for loss of consortium may be properly asserted. *Cf. id.*

## *CONCLUSION*

In sum, a claim for loss of consortium has been properly pled. As such, Plaintiff's motion to amend the Complaint is GRANTED. The Amended Complaint[1] must be filed with the Clerk of the Court on or before November 15, 2006.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
      October 25, 2006  Denis R. Hurley
                                              United States Senior District Judge

---

[1] The Proposed Amended Complaint submitted in connection with this motion incorrectly spells Defendant Campagna's name. In accordance with Magistrate Judge Orenstein's September 28, 2005 Order, the filed Amended Complaint should reflect the correct spelling.