UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KLEVER FERNANDEZ and THERESA LOPEZ

                Plaintiffs,

       - against -

CMB CONTRACTING t/a MID ISLAND
CONTRACTING, ROBERT CAMPAGNA, and
NICK DE MONTE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM & ORDER**
05 Civ. 3338 (DRH) (JO)

**APPEARANCES :**

**GINARTE, O'DWYER & WINOGRAD, LLP**
Attorneys for Plaintiffs
305 Broadway, Suite 800
New York, NY 10007
By: Richard M. Winograd, Esq.

**SILVERMAN BERLSTEIN & ACAMPORA LLP**
Attorneys for Defendant Campagna
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
By: Robert J. Ansell, Esq.

**ROBERT M. BLAKEMAN & ASSOCIATES**
Attorneys for Defendant CMB Contracting Inc. d/b/a Mid Island Contracting
108 South Franklin Avenue, Suite 1
Valley Stream NY 11580
By: Todd C. Rubenstein, Esq.

**KORNFELD, REW, NEWMAN & SIMEONE**
Attorneys for Defendant Nick De Monte
46 Washington Avenue
Suffern, New York 10901
By: Thomas J. Newman, Jr., Esq.

**HURLEY, Senior District Judge:**

Plaintiffs Klever Fernandez ("Plaintiff" or "Fernandez") and Theresa Lopez ("Lopez") brought the present suit against Defendants CMB Contracting t/a Mid Island Contracting ("CMB"); Robert Campagna ("Campagna"); and Nick De Monte ("De Monte"), alleging violations of Sections 200, 240 and 241 of the New York State Labor Law, as well as common law negligence. Fernandez seeks to recover for an injury he suffered while at work and Lopez, his wife, seeks to recover derivatively for loss of consortium. Presently before the Court are summary judgment motions by defendants Campagna and De Monte and Plaintiffs' motion for partial summary judgment as against CMB. For the reasons set forth below, Plaintiffs' motion is denied and Campagna's and De Monte's motions are granted.

*Background*

The following relevant facts are undisputed unless otherwise noted.

Fernandez is a resident of Newark, New Jersey and on November 3, 2004 was an employee of Blue Thunder Construction Company. Defendant CMB is a domestic corporation organized and existing under the laws of the State of New York. Defendant de Monte is the owner of the a single family residence located at 26-40 Natta Boulevard in Hempstead, New York (hereinafter "the premises"). De Monte hired defendant CMB as general contractor to construct a second floor addition on the premises. However, De Monte did not supervise or control the work performed on the premises. Defendant Campagna is an architect who was hired by De Monte to design and draw plans for the second story addition. Campagna did not supervise, direct or control the construction work at the premises.

CMB hired Blue Thunder Construction Company as a sub-contractor to perform the wood framing for the second story addition. On November 3, 2004, Fernandez was injured while working at the premises. Fernandez was standing on top of a wall laying out the ceiling joists when he suddenly fell, injuring his back and neck. Plaintiff claims that he was not given a ladder, scaffold or other safety equipment. CMB claims that operable OSHA approved ladders and safety harnesses were provided at the work site.

### *Discussion*

#### *I. Standard*

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that

show that there *is* a genuine issue of material fact to be tried. See *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.* 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997)

(citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587).

In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). That being said, it is well-established that a non-movant cannot defeat summary judgment with nothing more than "unsupported assertions," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), or the allegations in its pleadings. *See Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also* Fed. R. Civ. P. 56(e).

## II. Plaintiffs' Motion for Partial Summary Judgment Against CMB is Denied.

### A. Plaintiffs failed to comply with the Local Rules

Local Civil Rule 56.1 provides in pertinent part:

> (a) Upon any motion for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, **in numbered paragraphs,** of the material facts as to which the moving party contends there is no genuine issue to be

> tried. Failure to submit such a statement may constitute grounds
> for denial of the motion.

(emphasis in original).

In this case Plaintiffs failed to file (and presumably serve) a statement pursuant to Local Rule 56.1. On that basis alone, the Court would be justified in denying the motion without prejudice. However, as set forth below, there exists a material issue of fact which precludes summary judgment. Accordingly the motion is denied on the merits.

### B. *Material issues of fact preclude partial summary judgment against CMB*

In his motion, Fernandez seeks partial summary judgment on the issue of CMB's liability pursuant to § 240(1) of the New York Labor Law. Section 240(1) – commonly known as the scaffold law – provides legal recourse to workers injured while engaged in construction at heights. It provides in pertinent part:

> All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, rope, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

N.Y. Labor Law § 240(1).

In order to prevail under § 240(1), an injured plaintiff must prove (1) that a violation of the statute, (2) is the proximate cause of his injury. *See Blake v. Neighborhood Hous. Servs. of N.Y. City, Inc.,* 1 N.Y.3d 280, 284-85 (2003); *Meade v. Rock-McGraw, Inc.,* 307 A.D.2d 156, 159 (1st Dept. 2003). "These prerequisites do not exist if adequate safety devices are available

at the job site, but the worker either does not use or misuses them." *Robinson v. East Medical Center. LP,* 6 N.Y.3d 550, 554 (2006). Once a plaintiff proves the two elements, all contractors and non-excluded owners are subject to absolute liability in the sense that (1) a plaintiff who demonstrates these two elements cannot have his recovery reduced by a claim of contributory negligence and (2) the duty is nondelegable and all contractors and non-excluded owners will be held liable whether or not they exercise supervision or control over the plaintiff's work. *See Ross v. Curtis-Palmer Hydro-Electric Co.,* 81 N.Y.2d 494, 500 (1993); *Bland v. Manocherian,* 66 N.Y.2d 452 (1985).

"In order to demonstrate a violation of the statute, a plaintiff must prove that he was not provided proper protection in the form of scaffolding, hoists, stays ladders, slings, hangers, blocks , pulleys, braces, irons, ropes or other devices." *Wojcik v. 42d St. Development Project, Inc.,* 386 F. Supp.2d 442, 451 (S.D.N.Y. 2005). Thus, the statute can be violated in two different circumstances: (1) when no safety device is provided or (2) when the safety device provided fails to furnish proper protection. *See N.Y. Pattern Jury Instructions - Civil* 2:217.

Once a violation has been shown, the plaintiff must demonstrate that the violation proximately caused his injury. *See Zimmer v. Chemung County Performing Arts, Inc.,* 65 N.Y.2d 513 (1985) (liability under §240(1) is mandated where there was a failure to provide any safety devices and the absence of safety devices was the proximate cause of injury to worker); *Duda v. John W. Rouse Constr. Corp.,* 32 N.Y.2d 405, 410 (1973).

In this case there is a question of fact whether CMB provided safety devices. Fernandez submits his deposition testimony wherein he testified that he was not given a ladder, scaffold or other safety equipment and was never instructed to use a ladder in this operation. In contrast,

CMB's principal testified at his deposition that he provided harnesses, ladders, scaffolding and a safety box at the site in the immediate vicinity of where the work was being performed. In addition, CMB has submitted an affidavit from the owner of Blue Thunder stating that Plaintiff was provided and made aware of appropriate safety equipment at the site and was instructed how to use the equipment and that he was expected to use the equipment.[1]

Because of the existence of this material factual dispute, Plaintiff's motion for partial summary judgment against CMB on liability under §240(1) must be denied.[2]

### III. Defendant De Monte is Entitled to Summary Judgment.

Fernandez asserts claims against Defendant De Monte pursuant to §§ 200, 240(1) and 241 of the New York Labor Law. Section 240 (1) is set forth above in Section II. By its terms, § 240(1) exempts from the requirement to provide safety equipment "owners of one and two-

---

[1] Plaintiff attacks the affidavit of Blue Thunder's owner, Jorge Miranda, claiming that it "was signed without the true knowledge and consent of the contents" as Mr. Miranda does not read English and the affidavit was not properly interpreted for him. Plaintiff even submits another affidavit from Mr. Miranda to that effect. CMB responds with an affidavit from the person who interpreted for Miranda attesting to the fact that the contents of the affidavit were fully explained to Miranda. It is unnecessary to resolve this dispute as there is sufficient evidence to raise a question of fact even if Miranda's affidavit is excluded. *See Notaro v. Bison Constr. Corp.,* 32 A.D.3d 1218 (4th Dept. 2006) ( summary judgment properly denied where "submissions raise an issue of whether step ladders were available at the job site for plaintiff's use); *cf. Montgomery v. Federal Express Corp.,* 4 N.Y.3d 805 (2005) (denying recovery where worker failed to use a ladder that was "readily" available at work site although some distance away).

[2] The Court flatly rejects CMB's argument that it is not liable because it exercised no supervision over the construction work of Blue Thunder and its employees. "It is by now well established that the duty imposed under Labor Law 240(1) is nondelegable and that an owner or contractor who breaches that duty may be held liable in damages regardless of whether it has actually exercised supervision or control over the work." *Ross*, 81 N.Y.2d at 500; *accord Health v. Soloff Constr. Inc.,* 107 A.D.2d 507 (4th Dept. 1985) (statutory obligation to provide safety equipment falls on owners and contractors not on subcontractors).

family dwellings who contract for but do not direct or control the work . . . ." N.Y. Labor Law §240(1). Here, there is no dispute that De Monte was the owner of a single family residence and that he contracted for but did not control or direct the work on the premises. Accordingly, he entitled to summary judgement on the § 240(1) claim.

Labor Law § 241 provides in pertinent part:

> All contractors and owners and their agents, except for owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements . . . .

N.Y. Labor Law §241. As single family homeowners such as De Monte who do not direct or control work are excluded from the requirement of § 241, De Monte is entitled to summary judgment on that claim as well.

Section 200 of the New York Labor codifies the common law duty of a property owner to provide a safe place to work. Under this section, there is no liability in the absence of evidence that the landowner exercised supervision and control over the work. *See, e.g., Vancer v. 993 Intervale Ave. Housing Dev. Corp.,* 5 A.D.3d 161, 162 (1st Dept. 2004); *Dennis v. City of New York,* 304 A.D.2d 611 (2d Dept. 2003). Plaintiff has not put forth any evidence to put in issue De Monte's deposition testimony that he neither supervised or controlled the work. Accordingly, De Monte is entitled to summary judgment on this claim as well.

Finally, Lopez's claim for loss of consortium "is a derivative claim and can only be sustained if the defendant is found to have been negligent on the primary claim [of the injured spouse]." *Jones v. United States,* 720 F. Supp. 355, 369 (S.D.N.Y. 1989) (citing *Maddox v. City of New York,* 108 A.D.2d 42, 487 N.Y.S.2d 354 (2d Dept.)*, aff'd,* 66 N.Y.2d 270 (1985)).

As De Monte is entitled to summary judgment on the primary claims asserted by Fernandez, he is entitled to summary judgment on Lopez's derivative claim as well. *See Jones*, 720 F. Supp. at 369.

In sum, De Monte's motion for summary judgment is granted in its entirety.[3]

## IV. Defendant Campagna is Entitled to Summary Judgment

Fernandez has asserted claims against Campagna under §§ 200, 240 and 241 of the New York Labor Law, as well as a claim for common law negligence. Because it is undisputed that Campagna was the architect whose only involvement was to design and prepare plans for the construction at issue and that Campagna did not exercise any actual supervision or control over the construction, Campagna is entitled to summary judgment on all of these claims. *See* N.Y. Labor Law § 240(1) (excluding architects "who do not direct or control the work" from liability for the failure to provide protective equipment); N.Y. Labor Law §241(9) (excluding architect "who do not direct or control the work" from liability for noncompliance with § 241 requirements); *Comes v. N.Y. State Elect. & Gas Corp.*, 82 N.Y.2d 876 (1993) (holding no liability under common law or Labor Law § 200 in absence of evidence of supervision or control); *Gonzalez v. United Parcel Serv.*, 249 A.D.2d 210 (1st Dept. 1998) (granting summary judgment on common law negligence claim where there was no evidence that defendant "exercised actual supervision or control over the work in the course of which plaintiff was injured."); *Pacheco v. South Bronx Mental Health Council, Inc.*, 179 A.D.2d 550 (1st Dept. 1992) (granting summary judgment on §200 claim in favor of architect who only prepared plans

---

[3] The Court notes that Plaintiffs did not oppose De Monte's motion for summary judgment.

for renovation and did not exercise supervision or control); *Davis v. Lenox School,* 151 A.D.2d 230 (1st Dept. 1989) (dismissing §§ 240 and 241 claims where architect did not exercise control or supervision of project). Because Campagna has no liability on these claims, he is also entitled to summary judgment on Lopez's derivative claim. *See Jones*, 720 F. Supp. at 369. Finally, Campagna is entitled to summary judgment on De Monte's cross claim for indemnity and contribution. [4]

### *Conclusion*

In sum, Plaintiffs' motion for partial summary judgment against CMB is denied and the motions of Defendants De Monte and Campagna for summary judgment are granted. Plaintiffs and CMB are directed to arrange for a pretrial conference before Magistrate Judge Tomlinson so that a pretrial order can be prepared and approved and this case placed on the trial calendar.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
      May 16, 2007  Denis R. Hurley
                                  United States Senior District Judge

---

[4] The Court notes that neither Plaintiffs nor De Monte opposed Campagna's motion.